IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-171-TDD |
| ) | |
| GEORGE MCENTIRE SMITH ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER

Before the Court is Defendant George Smith's Motion in Limine to Exclude 404(b) Evidence [Doc. No. 91]. Defendant objects to the government's Notice of Other Crimes, Wrongs, or Bad Acts [Doc. No. 77] and argues the proposed evidence therein should not be admitted under Fed. R. Evid. 404(b) at trial.

The Indictment [Doc. No. 16] charges Defendant with Murder in Indian Country, Use, Carry, Brandish and Discharge of a Firearm During and in Relation to a Crime of Violence, and Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c). These charges arise out of allegations that Defendant shot and killed Jimmy Arthur. In its Notice, the government indicates it intends to offer in its case-in-chief testimony establishing that:

- around a year prior to the shooting, Defendant and Mr. Arthur grew marijuana together;
- also around a year prior to the shooting, Defendant and Mr. Arthur were involved in a physical altercation, in which Defendant placed Mr. Arthur in a headlock; and

- on the day of the shooting, Defendant attempted to pawn a rifle and a handgun.

The government contends that some of this evidence is intrinsic; it included it in the Notice "out of abundance of caution." [Doc. No. 77] at p.1. The Court will, thus, determine whether these proposed categories of evidence are admissible as intrinsic evidence or under Rule 404(b).

"Rule 404(b) limits the admissibility of evidence related to other crimes or wrongs, but it only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (internal quotations and alterations omitted). "If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable." *Id.* at 1212; *see also United States v. Watson*, 766 F.3d 1219, 1235 (10th Cir. 2014) ("[I]f the other-acts evidence is intrinsic to the charged crime—that is, 'inextricably intertwined' with the evidence of the charged crime—it is admissible without regard to Rule 404(b)'s prohibitions."). As stated by the Tenth Circuit:

> Generally speaking, intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.

*U.S. v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (internal quotation marks and citations omitted). "The Tenth Circuit considers evidence intrinsic when it is inextricably intertwined with the charged conduct or the evidence is entirely germane background information, directly connected to the factual circumstances of the crime." *United States v. Ogden*, No. 20-CR-136-JFH, 2021 WL 789861, at *4 (E.D. Okla. Mar. 1, 2021) (citing *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015)).

Rule 404(b) provides in relevant part:

**(b) Other Crimes, Wrongs, or Acts.**
   **(1) *Prohibited Uses*.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
   **(2) *Permitted Uses*.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Four factors govern the admissibility of evidence of other crimes or wrongs under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (*citing Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)). "In order to aid the district court's determination of whether evidence is offered to prove an issue other than character, the government must precisely articulate the purpose of the proffered evidence." *United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009) (quoting *United States v. Birch,* 39 F.3d 1089, 1093 (10th Cir. 1994)) (internal quotation marks omitted).

The Court reserves ruling on the admissibility of evidence that Defendant and Mr. Arthur grew marijuana together. This evidence might be admissible as evidence intrinsic to the crimes charged or for a proper purpose under 404(b), but in the Notice, the government neither specifically explains how evidence that Defendant grew marijuana with the victim in the past is relevant in this murder case nor precisely articulates a permissible purpose under 404(b). The Court is unable, with the record currently before it, to adequately determine the admissibility of this evidence.

Although evidence that Defendant and Mr. Arthur had one physical altercation that occurred a year before the shooting is likely too remote and disconnected from the charged offenses to be admitted as intrinsic evidence, the Court finds that competent testimony about this altercation is admissible under Rule 404(b). The Court agrees with the government that, in this murder case, evidence of a previous physical altercation between Defendant and Mr. Arthur is relevant and probative of Defendant's alleged motive, intent, and personal animosity toward Mr. Arthur—all of which are proper uses of the evidence under Rule 404(b). *See United States v. Wooten*, 377 F.3d 1134, 1141–43 (10th Cir. 2004). The Court further finds the probative value of the proposed testimony is not substantially outweighed by any of the dangers set forth in Rule 403, and any potential for unfair prejudice can be effectively mitigated by a limiting instruction. *See United States v. Hutchinson*, 573 F.3d 1011, 1030 (10th Cir. 2009) (holding that, where evidence admissible for only one purpose may "create the risk of an unfair trial[,] . . . such prejudice can usually be cured by limiting instructions to the jury"). Defendant's objection to the admission of this evidence pertaining to the physical altercation between Defendant and Mr. Arthur is overruled.

Finally, the Court concludes that evidence that Defendant attempted to pawn a rifle and a handgun on the day of the shooting is admissible as evidence intrinsic to the charged offenses. Defendant's attempt to sell a handgun of the same caliber used in the shooting is inextricably intertwined with and directly connected to the factual circumstances of the charged offenses. Defendant's objection to the admission of this evidence is overruled.

The government also included in its Notice evidence of Defendant's previous misdemeanor convictions for Possession of a Controlled Substance and Public Intoxication. The government contends these convictions might be relevant and admissible under 404(a) to rebut character evidence offered by Defendant. Rule 404(a)(2) allows facts offered by the prosecution to rebut evidence offered by a defendant of his pertinent character trait. *United States v. Wilson*, 244 F.3d 1208, 1218 (10th Cir. 2001). Although it appears unlikely that these misdemeanor convictions could be relevant to a character trait *pertinent* to the charges against Defendant, the Court, on this record, cannot conclusively determine the admissibility of these convictions. The Court, therefore, reserves ruling on Defendant's objection to this evidence. Before embarking on any line of questioning regarding these convictions, the government shall notify the Court and counsel outside the hearing of the jury.

## CONCLUSION

For these reasons, the Court finds that Defendant George Smith's Motion in Limine to Exclude 404(b) Evidence [Doc. No. 91] should be **DENIED** in part and **RESERVED** in part. Specifically, the Court reserves its rulings on the admissibility of evidence that Defendant grew marijuana with Mr. Arthur and of evidence pertaining to Defendant's misdemeanor convictions.

**IT IS SO ORDERED** this 10th day of June, 2022.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE